# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2025

Lyle W. Cayce
Clerk

No. 24-40152

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARL MORGAN,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:23-CR-81-1

_____

Before ELROD, *Chief Judge*, and DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Section 922(g)(1) makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40152

any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

A grand jury indicted Carl Morgan with being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Morgan pled guilty. He admitted that he (1) knowingly possessed a firearm, (2) had been convicted of a crime punishable by imprisonment for a term in excess of one year before possessing the firearm, and (3) knew he had been convicted of a crime punishable by imprisonment for a term in excess of one year when he possessed the firearm. The district court accepted his guilty plea and sentenced Morgan to three years' probation. Morgan timely appealed his conviction under Section 922(g)(1).

Morgan correctly concedes that his facial challenge to Section 922(g)(1)—that every application of it violates the Second Amendment—is foreclosed by this court's precedent. *See United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), *cert. denied*, 2025 WL 1727419 (U.S. June 23, 2025) (holding that the defendant "cannot [sustain a facial challenge], because the statute is constitutional as applied to the facts of his own case"). Likewise, he correctly concedes that his as-applied Commerce Clause challenge to Section 922(g)(1) is foreclosed by this court's precedent. *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013); *see also Diaz*, 116 F.4th at 462 (reiterating *Alcantar*'s foreclosure of this argument). So, the only remaining issue on appeal is whether Section 922(g)(1) violates the Second Amendment as applied to Morgan.

For the first time on appeal, Morgan argues that after *Bruen* a Section 922(g)(1) conviction based on the predicate offense of engaging in a monetary transaction with criminally derived property violates the Second Amendment. *See N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 24 (2022). Because the argument is unpreserved, this court reviews the district

court's judgment for plain error. *United States v. Cisneros*, 130 F.4th 472, 476 (5th Cir. 2025).

Plain error requires that "(1) there was an error, (2) that was clear or obvious, (3) that affected [Morgan's] substantial rights, and (4) that we should exercise our discretion to remedy the error because it seriously affects the fairness, integrity or public reputation of judicial proceedings" generally. *Garcia-Ascanio v. Spring Indep. Sch. Dist.*, 74 F.4th 305, 309 (5th Cir. 2023) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks omitted)).

Under prong two there was no clear or obvious error, so the district court did not plainly err when upholding Morgan's conviction. This court has repeatedly rejected as-applied Second Amendment challenges to Section 922(g)(1) based on *Bruen* on plain error review. *Cisneros*, 130 F.4th at 477 (collecting cases). This is because "the law remains unsettled" and "any error is not clear or obvious under the contours of the *Bruen* test because there is no binding precedent holding § 922(g)(1) to be unconstitutional and because it is unclear that *Bruen* dictates such a result." *Id.* Morgan cites no published authority, nor have we found any, holding Section 922(g)(1) unconstitutional in light of *Bruen* as applied to the possession of firearms by felons whose prior convictions are for engaging in a monetary transaction with criminally derived property. A "lack of binding authority is often dispositive in the plain-error context." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). Morgan's argument would "'require the extension of existing precedent,'" therefore, he "'cannot meet the plain error standard' with respect to his as-applied challenge to § 922(g)(1)." *Cisneros*, 130 F.4th at 477 (quoting *United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024)).

Because there is no plain error, we AFFIRM.